IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID EDWARD SECHRIST,

    Plaintiff,

    v.                                                                                                          1:21-cv-00009-JMR

MARTIN O'MALLEY,[1] Commissioner
of the Social Security Administration,

    Defendant.

**ORDER GRANTING MOTION FOR ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

THIS MATTER comes before the Court on plaintiff David Sechrist's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum, filed on December 7, 2023. Doc. 30. The Commissioner takes no position on the fee petition. Doc. 31. Having reviewed the briefing, the record, and the applicable case law, and being otherwise fully advised in the premises, I find the motion well taken and will GRANT it.

**I.**    **Procedural History**

Mr. Sechrist filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") on April 23, 2019. AR 235–49.[2] The Social Security Administration ("SSA") denied his claim initially, as well as on reconsideration. AR 141–48, 151–61. Mr. Sechrist requested a hearing before an ALJ. AR 162−63. On August 6, 2020, ALJ

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] Document 15-1 is the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

David Wurm held a hearing.  AR 33–53.  ALJ Wurm issued his unfavorable decision on August 27, 2020.  AR 12–32.  On September 3, 2020, Mr. Sechrist requested review of the ALJ's unfavorable decision by the Appeals Council.  AR 232–34.  On November 10, 2020, the Appeals Council denied the request for review.  AR 1–6.  Mr. Sechrist filed his appeal to this Court on January 5, 2021.  Doc. 1.

Mr. Sechrist filed his Motion to Reverse and Remand for a Rehearing with Supporting Memorandum on August 11, 2021.[3]  Doc. 21.  On September 15, 2021, the Commissioner filed an Unopposed Motion to Remand for Further Proceedings, pursuant to sentence four of 42 U.S.C. § 405(g), which the Court granted.  Docs. 23, 24.  On December 10, 2021, Mr. Sechrist filed an Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), requesting $ 5,356.70 in fees, which the Court granted.  Docs. 26, 27.

On remand, on September 30, 2022, the ALJ issued a final administrative decision which was fully favorable to Mr. Sechrist.  Doc. 30-1 at 1–8.  The SSA awarded Mr. Sechrist $53,315.00 in back benefits.  *Id*. at 14.  By Notice of Award dated August 5, 2023, the Commissioner notified Mr. Sechrist that it had withheld $13,328.75 from his past-due benefits to pay for attorney's fees.  *Id*.  Mr. Sechrist's attorney(s) requested and was/were awarded $7,200.00 from the SSA for the work performed at the administrative level.  Doc. 30 at 5.  Mr. Sechrist's attorney Laura Johnson now requests that she be awarded $ 6,128.75 as attorney's fees for legal services rendered before this Court.  *Id*. at 1.

---

[3] The Court notes that Mr. Sechrist requested and received a one-month extension to file his opening brief.  *See* Docs. 18, 19.

## II.     Standard

Section 406(a), title 42, United States Code, governs fees for representation at administrative proceedings, and § 406(b) governs fees for representation in court. *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006). "[E]ach authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *Id.* Attorneys representing Social Security claimants in court may seek fees for their work under both the EAJA and under § 406(b). *Id.* at 497.[4] If, however, the Court awards both EAJA fees and § 406(b) fees, counsel must refund the smaller amount to the claimant. *Id.*

Under 42 U.S.C. § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

---

[4] The Tenth Circuit has explained:

> There are several differences between the two types of fees. For example, EAJA fees are awarded based on a statutory maximum hourly rate, while SSA fees are based on reasonableness, with a maximum of twenty-five percent of claimant's past-due benefits. *See* [*Frazier v. Apfel,* 240 F.3d 1284, 1286 (10th Cir. 2001)]; 28 U.S.C. § 2412(d)(2)(A); 42 U.S.C. § 406(b)(1). Also, "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds." *Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). In that vein, an EAJA award is to the claimant, while counsel receives an SSA award. *See* 28 U.S.C. § 2412(d)(1)(A) (making award to "a prevailing party"); 42 U.S.C. § 406(b)(1) (providing for attorney's payment of approved fee out of past-due benefits). Finally, EAJA fee awards are allowed only if the government's position was not "substantially justified" or there are no special circumstances that "make an award unjust." 28 U.S.C. § 2412(d)(1)(A). SSA funds are not so conditioned. 42 U.S.C. § 406(b)(1).

*McGraw*, 450 F.3d at 497.

The 25% cap on fees applies only to fees for representation before this Court and is not an aggregate cap on all court-stage fees and agency-stage fees. *Culbertson v. Berryhill*, 139 S. Ct. 517, 518–19 (2019).

"The tenor of 406(b) is permissive rather than mandatory. It says that the court may make such an award, not that such an award shall be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). Traditionally, an award of attorney's fees is a matter within the sound discretion of the court. *Id*. "[T]he Social Security Act (SSA), 42 U.S.C. § 406(b)(1), allows the district court to award attorney's fees to claimant's counsel when the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw,* 450 F.3d at 495–96.

In *Gisbrecht v. Barnhart*, the Supreme Court rejected the lodestar method of calculating attorney's fees for Social Security cases, "under which the number of hours reasonably devoted to each case was multiplied by the reasonable hourly fee." 535 U.S. 789, 798–99 (2002). The Supreme Court instead concluded that Congress designed § 406(b) "to control, not displace, fee agreements between Social Security benefit claimants and their counsel." *Id.* at 793. Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, rather than as a standard to substantiate reasonableness. *Id*.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case;

4

and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *See id*. at 808. Ultimately, plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id*. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). A court may require the plaintiff's attorney to submit a record of the hours spent representing the plaintiff and a statement of the lawyer's normal hourly billing rate for non-contingency fees cases. *Id*. at 808. The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit has held, however, that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw*, 450 F.3d at 505.

### III. Analysis

First, the Court finds that Ms. Johnson requested § 406(b) fees within a reasonable time. The ALJ issued her favorable decision on September 30, 2022, but the SSA did not mail Mr. Sechrist a "Notice of Award" until August 5, 2023. Doc. 30-1 at 1–17. Ms. Johnson filed her fee motion on December 7, 2023. Doc. 30. The Court finds this to be filed within a reasonable time. *See Harbert v. Astrue*, No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n.1 (Aug. 16, 2010) (holding that fee petition "should be filed within a reasonable time of the issuance of the notice of award"); *see also Early v. Astrue*, 295 F. App'x 916, 919 n.2 (10th Cir. 2008) (unpublished) (finding no error where district court assessed reasonableness from the date of the notice of award).

Second, the Court must determine whether the fee agreement meets the § 406(b)(1) guideline of not exceeding 25% of the past-due benefits. The Court finds that it does. Mr. Sechrist signed a fee agreement on December 20, 2020, which states in part:

> If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> I understand that the federal court may order the Social Security Administration to pay all or part of the attorney's fee and expenses, under a law named the Equal Access to Justice Act ("EAJA"). If an attorney's fee is awarded under the EAJA, this may lower the amount that I have to pay from my past-due benefits. In no event will the attorney's fee that I am obligated to pay out of past-due benefits be greater than 25% of the past-due benefits awarded.

Doc. 30-1 at 20. In the instant fee motion, Mr. Sechrist's attorney requests $6,128.75, which constitutes only 11.50 % of his back benefit award of $53,315.00.

Third, having reviewed the particular facts of this case in light of the *Gisbrecht* factors, the Court finds Ms. Johnson's requested attorney's fees reasonable. Michael Armstrong Law, LLC[5] obtained a fully favorable outcome for plaintiff, and it was not responsible for any appreciable delay in the resolution of the case. Ms. Johnson's fee request of $6,128.75 is not disproportionately large in comparison to the amount of time spent on the case (*see* Doc. 30-1 at 18–19 (reflecting a total of 23.8 hours of attorney time on this case, or $257.51 per hour)), and is in line with other awards in this district under § 406(b). Thus, the Court's independent review of the fee request finds the requested amount to be both appropriate and reasonable.

**IT IS THEREFORE ORDERED** that the Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 30) is GRANTED. Counsel is awarded $6,128.75 in attorney's fees pursuant to 42 U.S.C. § 406(b)(1) for representing plaintiff before this Court.

---

[5] The Court notes that the briefing in this case was completed by a second attorney at Michael Armstrong Law, LLC (now Armstrong Johnson Law, LLC), Katherine Hartung O'Neal, who has since left the firm. *See* Doc. 38. Notably, Mr. Sechrist signed a fee agreement with the law firm rather than with any particular attorney. *See* Doc. 30-1 at 20.

**IT IS FURTHER ORDERED** that counsel will refund to plaintiff the $5,356.70 in attorney's fees awarded under the EAJA.[6] *See* Doc. 27.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent

---

[6] If any amount of the EAJA fee was subject to the Treasury Offset Program, counsel need not refund the offset amount to Mr. Sechrist. *See* 31 U.S.C. § 3716.